THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>LYNN KUNKLE, et al.,<br><br>    Defendants. | CASE NO. C13-0623-JCC<br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS |

This matter comes before the Court on the Report and Recommendation of the Honorable Mary Alice Theiler, U.S. Magistrate Judge, to deny Plaintiff Christopher Johnson's motion to proceed *in forma pauperis* ("IFP") (Dkt. No. 7). Having thoroughly considered the motion, the Report, and Johnson's objections, the Court hereby ADOPTS the Report and Recommendation and DENIES Johnson's motion to proceed IFP for the reasons explained herein.

Judge Theiler recommends denying Johnson's motion based on the three strikes rule of 28 U.S.C. § 1915(g), which bars a prisoner from proceeding IFP if "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The Report and Recommendation concludes that Johnson's complaint does not contain "a plausible allegation that [Johnson] faced 'imminent danger of

ORDER DENYING MOTION TO PROCEED IN
FORMA PAUPERIS
PAGE - 1

serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). (Dkt. No. 7 at 2.)

The Court determines *de novo* only "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Johnson objects that the reasons given in the Report and Recommendation for denying IFP status are "based on the past," whereas "the 9th Circuit has stated, 'The imminent danger provisions use[] present tense, and concern[] the initial act of bringing the lawsuit.'" (Dkt. No. 8 at 3 (citing *Andrews*, 493 F.3d at 1055).) The Court does not understand Johnson's objection. The Ninth Circuit made clear in *Andrews* that "the availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053. That is the standard Judge Theiler used.

Johnson's second objection is that the imminent danger exception "is guided on 'bringing of action not specific claims.'" (Dkt. No. 8 at 3.) The Court agrees with Johnson that "if [any of his] claim[s] [plausibly] alleged that he faced an 'imminent danger' at the time he filed the complaint, § 1915(g) [would] allow[] his *entire lawsuit* to proceed IFP." *Andrews*, 493 F.3d at 1055 (emphasis added). But nothing in the Report and Recommendation indicates that Judge Theiler misunderstood or misapplied that rule.

Johnson also objects that he only needed to make a "plausible" allegation that he faced imminent danger of serious physical injury at the time of filing. (Dkt. No. 8 at 3.) Again, that is the standard Judge Theiler used. The Court agrees with Report and Recommendation that Johnson failed to meet this standard.

Johnson complains that "the Magistrate's Report at page 2 at 18 clearly states, 'Plaintiff, therefore, does allege an imminent threat of injury.' This is all Plaintiff is required to do to proceed pursuant to 28 U.S.C. § 1915(g)." (Dkt. No. 8 at 3.) But as Johnson conceded in his prior objection, he must *plausibly* allege that he faced an imminent danger of serious physical injury. For the reasons provided in the Report and Recommendation, he failed to do so.

ORDER DENYING MOTION TO PROCEED IN
FORMA PAUPERIS
PAGE - 2

1  Johnson has had three previous lawsuits dismissed on the grounds that they were
2  frivolous or malicious or failed to state a claim upon which relief may be granted, and he has not
3  plausibly alleged that he faced imminent danger of serious physical injury at the time he filed his
4  instant complaint. The Court therefore ADOPTS the Report and Recommendation (Dkt. No. 7),
5  DENIES Johnson's motion to proceed IFP (Dkt. No. 1) based on the three strikes rule of 28
6  U.S.C. § 1915(g), and DIRECTS him to pay the full filing fee of $350 within thirty (30) days of
7  the date of this order. If Johnson does not pay the fee, the Court will dismiss this case. The Court
8  DIRECTS the Clerk to file Johnson's complaint only on receipt of the filing fee, and to close the
9  case if Johnson does not pay the fee within thirty days. The Court further DIRECTS the Clerk to
10  send copies of this order to Johnson and to the Honorable Mary Alice Theiler.
11  DATED this 29th day of May 2013.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE